Warner, Chief Justice,
dissenting.
The plaintiff brought his action against the defendants, as partners, using the name and style of J. B. O’Neil, Foster & Company, said partnership being composed of O’Neil, Foster and J. J. Thrasher, on a written obligation, to pay the plaintiff *the sum of $567 31, dated 27th December, 1867. The defendants pleaded a release by the plaintiff, of John J. Thrasher, one of the joint contracting parties, dated 7th of August, 1869, in the following words: “Received of John J. Thrasher, $300 00, paid by him to be credited on a certain written obligation of O’Neil, Foster & Company, to Lemuel Kendrick, dated 27th December, 1867, and now in the hands of *479 Hillyer & Brother for collection, and in consideration of said sum, I, as agent for said Kendrick, do hereby covenant and agree that the other parties shall and will duly pay the balance due on said obligation, without further costs or detriment to said Thrasher. (Signed) George Kendrick.”
There was evidence offered at the trial as to the fact of George Kendrick being the agent of the plaintiff. The jury, under the charge of the Court, found a verdict for the defendant. The Court charged the jury, “that the legal effect of the instrument above set forth, was to release the said Thrasher from his liability on the instrument sued on, and that the release of Thrasher operated in law as a release of the other obligors.” A. motion was made for a new trial on the ground of error in the charge of the Court to the jury, which was overruled, and the plaintiff excepted.
The 2810th and 2811th sections of the Code declare, “that a covenant never to sue is equivalent to a release; so, also, a bond to indemnify the debtor against his own debt. A release sometimes results as an operation of law, as when a creditor releases another who is bound jointly with, or primarily to the debtor, or accepts from the debtor a higher security for the same debt, not intended to be collateral thereto.” The debt specified in the original obligation was a debt due by Thrasher as one of the-partners of J. B. O’Neil, Foster & Company. The plaintiff, by his agent, covenanted and agreed, in consideration of $300 00, paid to him by Thrasher, that the other parties to the obligation should and would duly pay the balance due thereon without further costs or detriment to said Thrasher. Although the word release is not used in the covenant of the plaintiff, still, the legal effect of the words employed *will operate as a release of Thrasher. The covenant that the other parties shall pay the balance due on the obligation is equivalent to saying that Thrasher shall not, besides, the plaintiff covenants, not only that the other parties shall pay the balance due on the obligation, but that they shall do so without further costs or detriment to said Thrasher, thereby, in legal effect, indemnifying Thrasher against the payment of his own debt, or any costs that might accrue in collecting the same. “Without detriment,” means without loss, damage, injury or harm. If the plaintiff could enforce the payment of the balance due on the co-partnership obligation against Thrasher by suit, or otherwise, he could subject him to loss, damage and costs, which he had expressly agreed and covenanted that he would not do. When a bond is required by law, an undertaking in writing, without seal, is sufficient : Code, section 4. The legal proposition that Thrasher was released from- the payment of the balance due on the obligation and indemnified against the payment thereof by the plaintiffs’ covenant, is too plain for discussion, under the provisions of the Code before cited.
In my judgment, there was no error in the charge of the Court to the jury, and that the judgment of the Court below should be affirmed.